

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Game, Fish and Oyster Commission
Austin, Texas

Gentlemen:                    Attention:  Mr. Wm. J. Tucker
                                         Executive Secretary

                             Opinion No. O-2096
                             Re:  Validity of House Bill 386, Acts
                                  Regular Session, 46th Legislature

        In your letter of March 18, 1940, you request the
opinion of this department upon the validity of House Bill 386,
Regular Session, 46th Legislature.

        House Bill 386 provides that it shall be unlawful, in
the waters of Caddo Lake and all fresh waters of Harrison and
Marion Counties, Texas, to take or attempt to take any game fish
during the period February 15th to April 15th of any year.  After
providing penalties for violations of the provisions of the Act,
the Act provides that:  "The term 'game fish' as herein used does
not apply to striped bass, they being a migratory, salt-water
fish that only appear in Caddo Lake and all fresh waters of
Harrison and Marion Counties during early spring."

        The Act contains no definition of the term "game fish."

        Penal Code, 1925, Article 1, provides that "no person
shall be punished for an offense which is not made penal by the
plain import of the words of the law."

        "A penal law must be regarded as wholly inopera-
tive if it is so indefinitely framed or of such doubt-
ful construction that it cannot be understood, either
from the language in which it is expressed or from
some other written law of the State."  (Tex. Jur. Vol.
12, pp. 228-229.)

        A law must provide some standard for determining whether
an act is criminal or not, and it must be so framed that the
persons upon whom it is to operate may be able to know in advance

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Game, Fish and Oyster Commission, Page 2

from the written statute what acts or omissions are thus made criminal. Tex. Jur. Vol. 12, p. 230.

Thus laws making it an offense "needlessly" to kill an animal (Cinadr v. State, 108 Cr. Rep. 147, 300 S.W. 64), to fail to drive a vehicle in a careful manner with due regard for the safety and convenience of others (Russell v. State, 88 Cr. Rep. 512, 228 S.W. 566), to operate a vehicle in excess of a certain speed at a railroad crossing "where the view of said crossing is obscured" (G. H. & S. A. Railway Co. v. Duty (Comm. of App.), 277 S.W. 1057), or on the streets of a city where the contiguous territory is "closely built up" (Ex parte Carrigan, 92 Cr. Rep. 309, 244 S.W. 604), have been held invalid for lack of certainty.

It is clear that in passing House Bill 336, the Legislature was not intending to prohibit the taking of all fish. It intended, obviously, to prohibit the taking only of those fish known as "game fish." Looking to the lexicographer for a definition of the term "game fish," in the absence of a definition provided by the Legislature, we find that the term is applied to "the various fish considered worthy of pursuit by sportsmen." Webster's New International Dictionary, 2nd Ed.

It is our understanding that sportsmen consider a fish to be game if he will take artificial lures.

Neither the dictionary definition nor the definition of the sportsmen has any of the elements of reasonable certainty. Applying the dictionary definition, the barefoot boy who, fishing with rude pole, hook and line, with worms for bait, or the sportsman fishing with ultra-modern equipment and artificial lures, when he catches a fish, must ask himself two questions, first, "Am I a sportsman?" and second, if the answer is in the affirmative, "Do sportsmen consider the fish which I have just caught worthy of pursuit?"

Applying the sportsmen's definition, if the barefoot boy catches a fish, using worms for bait, he must ask himself the question whether that fish would have risen to an artificial lure. The elements of certainty are as wholly lacking in this law as they were in the law which required a person operating a vehicle on the streets of a city to gauge his speed according to whether or not he determined that the territory through which he was driving was "closely built up."

We find no help in our examination of the laws of the State upon the subject. Rather, the matter is thrown into further confusion. The 45th Legislature, at its Regular Session, passed House Bill No. 88, prohibiting the taking of any game fish "as defined in this Act" in the counties of Harrison and Marion in the State of Texas, during the months of March and April of each year. In that Act, the term "game fish", "as that term is used in this Act," it was provided, "shall be held and deemed to mean, embrace and include crappie and/or white perch, large-mouth black bass, and small-mouth black bass."

In House Bill No. 804, passed by the same Legislature, providing for the regulation of the keeping, impounding, confining and transporting of game fish in Harrison and Marion Counties, the term "game fish," as used in that Act, it was provided, embraced and included crappie and/or white perch, large-mouth black bass, small-mouth black bass, white bass, yellow bass, and goggle-eye and bream.

Apparently the 46th Legislature, in passing House Bill No. 386, contemplated that the term "game fish" as used in House Bill No. 386, should be broader and more inclusive than either of the definitions contained in the Acts just referred to, for, whereas such Acts made no reference whatsoever to striped bass, House Bill No. 386 specifically excludes from its meaning of the term "game fish," as used in House Bill No. 386, striped bass.

It is impossible to ascertain, with any degree of certainty, by the use of the ordinary means of construction, just what meaning the Legislature intended to attribute to the term "game fish," as used in House Bill No. 386. We must therefore hold that the Act is invalid, for want of certainty.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF:pbp

APPROVED JUN 7, 1940

APPROVED
OPINION
COMMITTEE
BY